## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) |
| v. | ) 2:14-cr-00069-JDL |
| | ) |
| PIERRE DUBOIS, | ) |
| | ) |
| Defendant. | ) |

## ORDER ON MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE

On June 26, 2014, Pierre Dubois pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute 100 grams or more of heroin, 28 grams or more of cocaine base and oxycodone, and aiding and abetting, in violation of 21 U.S.C.A. § 841(a)(1), (b)(1)(B), and 18 U.S.C.A. § 2 (West 2020). On October 6, 2014, Dubois was sentenced to sixty months' imprisonment to be followed by four years of supervised release. Dubois commenced his term of supervised release on October 9, 2018 in the District of Massachusetts. On August 4, 2020, Dubois filed a motion with this Court seeking early termination of his supervised release. ECF No. 1319.

Dubois's request states that he currently owns a trucking company and that he works as an independent contractor performing deliveries. He also states that he is planning on opening another business operating a seafood restaurant in Virginia. Dubois explains the burdens that being on supervised release have imposed on his employment. For instance, he states that he cannot travel to Virginia to look for a storefront for his restaurant. Dubois also describes an event where he could not complete a delivery at a military base because a required background check revealed

that he was on supervised release, leading the base to deny him entry.

Dubois asserts that, despite these challenges, he has been doing well since his supervised release commenced.  In addition to having gained the valuable skills needed to operate his businesses, Dubois reports positive interactions with his probation officer, the completion of programs that have helped him control his drug addiction, an expected second child with his partner, and a plan to purchase a home within the next two years.

While Dubois's performance throughout his supervised release has been largely commendable, it has not been without setbacks.  Dubois failed to appear for a scheduled drug test on October 18, 2018, submitted a sample for testing that was inconsistent with normal human urine on July 30, 2019, and reported to Probation that he used marijuana on or around Thanksgiving of 2019.  Additionally, Dubois has had several technical violations of his conditions of supervised release, including at least one incident where he left the state of Massachusetts without permission, at least three incidents where he had unapproved contact with felons, and at least three occasions of unreported law enforcement contact.  The most recent unreported law enforcement contact was on August 8, 2020, when police were dispatched to an alleged domestic disturbance between Dubois and his partner, although no charges were filed as a result of the disturbance.  Based on these violations, both the United States Probation Office and the United States Attorney's Office oppose Dubois's request to terminate his supervised release early.

Dubois has largely been successful since his release from incarceration.  It is, however, premature to terminate his supervised release at this time because of his

record of noncompliance. However, because Dubois has demonstrated that he has made significant rehabilitative progress as shown by his ongoing and successful self-employment, he is encouraged to submit a new request for termination of supervised release on or after September 1, 2021, if he remains successful on supervised release without committing any further violations.

For the reasons explained above, Dubois's motion for early termination of supervised release (ECF No.1319) is **DENIED**.

**SO ORDERED.**

Dated: October 7, 2020

_____/s/ JON D. LEVY_____
**CHIEF U.S. DISTRICT JUDGE**